IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOORTHY, RIGGS & ASSOCIATES, a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORMAN MCINTOSH and NJ PURSUITS,<br><br>　　　　Defendants.<br>_____/ | No. C 04-5115 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO AMEND COUNTER-CLAIM AND DENYING AS PREMATURE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

　　On April 7, 2005, Defendants Norman McIntosh and NJ Pursuits filed a motion for summary judgment on their counter-claim for declaratory judgment that NJ Pursuits is the owner of certain source code. On April 15, 2005, Defendants filed a motion for leave to file an amended counter-claim to add a party and claims. Plaintiff Moorthy, Riggs and Associates opposes both motions. The matters were heard on May 20, 2005. Having considered the parties' papers, the evidence cited therein and oral argument on the motions, the Court DENIES Defendants' motion for leave to file an amended counter-claim and DENIES as premature Defendants' motion for summary judgment.

BACKGROUND

Plaintiff is a Tiburon, California-based company that provides data relating to products and services offered by financial institutions. Plaintiff provides the data to its clients in the form of reports that are available over Plaintiff's web site. For several years, McIntosh was the administrator of Plaintiff's web site, and he maintained some of the hardware necessary for the site's operation. NJ Pursuits is a company owned by McIntosh.

On November 10, 2004, Plaintiff entered into a purchase agreement with Informa Research Services, Inc. (Informa) whereby Plaintiff agreed to transfer its assets, domain name, and intellectual property rights to Informa for an amount in excess of $500,000. Plaintiff submits evidence that, on November 22, McIntosh was informed of the purchase agreement. On the morning of November 24, Plaintiff was told by one of its clients that the web site was not functioning properly, and that the client could not access the data reports. On the morning of November 26, McIntosh sent an email to Plaintiff in which he demanded over $40,000 for unpaid work that he had allegedly performed. The next day, McIntosh sent Plaintiff another email in which he stated that he was the true owner of Plaintiff's web site; later that day, the web site became entirely inaccessible to Plaintiff and its customers. When the web site was restored on November 28, Plaintiff's two chief executive officers could no longer log onto the site, and Plaintiff was informed by several clients that they were similarly unable to access the web site's

2

services.

On December 2, 2004, Plaintiff filed a complaint against McIntosh and NJ Pursuits alleging (1) violations of the Computer Fraud and Abuse Act, (2) intentional misrepresentation, (3) conversion, and (4) intentional interference with contractual relations. Also on December 2, Plaintiff moved for a temporary restraining order. On December 3, the Court issued a temporary restraining order (TRO) directing McIntosh to return all of Plaintiff's property, "including, without limitation, all computers, databases, data storage media, software, source code, applications, historical files, web sites and all data storage media."

On December 8, Defendants moved for clarification of the TRO. Specifically, Defendants requested clarification on whether they were required to return to Plaintiff unidentified source code that allegedly allowed Plaintiff's web site to function. In that motion, Defendants argued that McIntosh was the owner of the alleged source code. On December 13, the Court issued an order stating that the purpose of the TRO was to allow Plaintiff to continue to maintain its web site, free from McIntosh's interference; thus, Defendants were obliged to return all material required for the web site to function. The Court noted that Defendants might not prevail on their claim that they own the alleged source code and, because the issue of the source code's ownership had not been resolved, the Court included the following language in its order: "Plaintiff may not disclose the source code to third parties or use the code for any purpose

3

other than maintaining its web site until further order of the Court."

On December 14, the parties and Informa entered into a confidentiality agreement which stated that Defendants had provided the alleged source code to Plaintiff and Informa for the purpose of permitting both Plaintiff and Informa to operate the web site, and that the alleged source code was confidential and could only be used by Plaintiff and Informa for that purpose. On December 17, at the preliminary injunction hearing, the parties indicated that they were close to reaching an agreement on a stipulated preliminary injunction. Based on their agreement, the Court extended the TRO until such time as they could do so.

On January 3, 2005, Defendants answered the complaint and counter-claimed for declaratory judgment that NJ Pursuits was the rightful owner of the alleged source code that enables Plaintiff's web site to function. On February 14, the parties submitted a stipulated preliminary injunction that required Defendants to return Plaintiff's property, including software enabling Plaintiff's web site to function, but which contained the following provision: "this Order shall not be construed as determinative of the issue of ownership of the source code used to operate Plaintiff's web site."

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies

4

within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. Webb, 655 F.2d at 980. Further, the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, 833 F.2d at 186. Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility. Id. (citing Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986); United States v. City of Twin Falls, 806 F.2d 862, 876 (9th Cir. 1986); Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

DISCUSSION

I.  Motion to Amend Counter-Claim

Defendants contend that, because Informa is now in possession of the source code that is the subject of its initial counter-claim, the amended counter-claim is compulsory under Federal Rule of Civil Procedure 13(a).  Thus, Defendants argue, they would be prejudiced if they were not allowed leave to amend because they would lose the ability to bring the amended claim in the future.

The motion for leave to amend is denied because the proposed counter-claim is futile.  Defendants' proposed counter-claim would add a claim for copyright infringement against Plaintiff and Informa based upon their use, solely for the purpose of maintaining the web site while this dispute is pending, of source code that is allegedly owned by Defendants.  First, the confidentiality agreement entered into voluntarily by the parties and Informa expressly permits both Plaintiff and Informa to operate the web site.  Second, the preliminary injunction to which the parties stipulated explicitly allows Plaintiff to continue operating the web site despite the fact that ownership over the alleged source code remains unresolved.

The proposed counter-claim alleges a cause of action for copyright infringement arising solely from activity -- the operation of the web site -- to which Defendants have twice agreed in writing.  One of those agreements, the preliminary injunction to which Defendants stipulated, is a standing Court order.  Defendants have not alleged facts adequate to plead a cause of action for copyright infringement.  If, in the future,

6

1  Defendants discover facts that could give rise to a claim for
2  copyright infringement, they may move again to amend their
3  counter-claim.
4      For the foregoing reasons, Defendants' motion for leave to
5  amend their counter-claim is denied.
6  II.  Motion for Summary Judgment
7      On April 7, Defendants moved for summary judgment on their
8  initial counter-claim for declaratory relief, arguing that
9  "there is no genuine issue of material fact that [Plaintiff] is
10 not the owner of copyright in the source code and that NJ
11 Pursuits is the owner of said copyright."
12     After Defendants moved for summary judgment on their
13 initial counter-claim, they moved to amend the counter-claim to
14 add Informa as a party and add a counter-claim for copyright
15 infringement.  Nevertheless, Defendants argue that the motion to
16 amend their initial counter-claim "in no way affects the current
17 motion because the courts [sic] resolution of the ownership
18 issue would be the same under either motion."
19     Defendants' motion for summary judgment is premature
20 because the parties have conducted very little discovery in this
21 case.  As Plaintiff notes, the parties have not exchanged their
22 initial disclosures, nor had the Court, at the time Defendants
23 filed their motion, held an initial case management conference
24 to set dates for discovery cut-offs.  Critically, Plaintiff
25 asserts that it has not yet deposed McIntosh in order to
26 challenge, <u>inter alia</u>, his central assertion that he owns the
27 source code at issue here because it was derived from source

code that he developed prior to his business relationship with Plaintiff.  It is not even clear what particular source code Defendants claim they own.

For the foregoing reasons, Defendants' motion for summary judgment on their initial counter-claim for declaratory judgment is denied as premature.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to amend their counter-claim (Docket No. 30) and DENIES as premature Defendants' motion for summary judgment (Docket No. 27).

IT IS SO ORDERED.

Dated: 6/13/05                    /s/ CLAUDIA WILKEN
                                  CLAUDIA WILKEN
                                  United States District Judge

8