1  **Rubinstein Law Group**
   A Professional Law Corporation
2  Yano L. Rubinstein, Cal. Bar No. 214277
3  Trevor A. Caudle, Cal. Bar No. 232294
   100 Pine Street, 20th Floor
4  San Francisco, CA 94111
   Telephone:    (415) 277-1900
5  Facsimile:    (415) 277-1919

6  Attorneys for Defendants and Counterclaimant,
7  Norman McIntosh
   NJ Pursuits, Inc.
8

9                    UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA

11 | MOORTHY, RIGGS & ASSOCIATES, a | Case No. C-04-5115 CW
12 | California corporation,         |
   |                                 | **STIPULATION AND [PROPOSED]**
13 |              Plaintiff,         | **PROTECTIVE ORDER REGARDING**
   |   v.                            | **CONFIDENTIAL INFORMATION**
14 |                                 |
15 | NORMAN MCINTOSH; NJ PURSUITS,   |
16 |              Defendants.        |
17 | NJ PURSUITS,                    |
18 |              Counterclaimant,   |
19 |   v.                            |
20 | MOORTHY, RIGGS & ASSOCIATES, a  |
21 | California corporation,         |
22 |              Counterdefendant.  |

## STIPULATION

Subject to the approval of this Court, Defendants and Cross-Claimant, Norman McIntosh and NJ Pursuits, Plaintiff and Cross-Defendant Moorthy, Riggs & Associates, and non-party Informa Research Services, Inc., by and through their respective undersigned counsel, hereby stipulate to the following Protective Order and request that it be entered as an order of the Court:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). This Order creates no entitlement to file Confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:
(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action; (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action, and, graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, hearings or other proceedings in this action; (c) court reporter(s) employed in this action; (d) a witness at any deposition or other proceeding in this action; and, (e) any other person as to whom the parties in writing agree. Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY"

(hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3, above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

8. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Material in any court proceeding in this action shall not be required to seek an order from the court providing that Confidential Material be filed with the court under seal but the party who designated the material as Confidential Material may seek such an order in accordance with Civil Local Rule 79-5, which sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

9. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
CASE NO. C-04-5115 CW

10. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO STIPLUATED:

RUBINSTEIN LAW GROUP
A Professional Law Corporation

Dated: August 24, 2005    By: _____

Yano L. Rubinstein, Esq.
Attorneys for Defendant Norman McIntosh
and Defendant and Counterclaimant
NJ Pursuits, Inc.

THE LOUDERBACK LAW FIRM

Dated: August 17, 2005    By: _____
                              Charles M. Louderback, Esq.
                              Attorneys for Plaintiff and Counterdefendant
                              Moorthy, Riggs & Associates

GREENBERG, FIELDS & WHITCOMB

Dated: August 18, 2005    By: _____
                              Richard C. Greenberg, Esq.
                              A Professional Law Corporation
                              Attorneys for non-party
                              Informa Research Services, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: ___9/1___, 2005    _____
                          Hon. Claudia Wilken
                          United States District Court
                          Northern District of California

*IT IS SO ORDERED*
*Judge Claudia Wilken*

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
CASE NO. C-04-5115 CW
- 6 -

## Attachment A

## NONDISCLOSURE AGREEMENT

I, [name] do solemnly swear that I am fully familiar with the terms and have received a copy of the Stipulated Protective Order entered in Moorthy, Riggs & Associates v. McIntosh, et al. and related counterclaim, United States District Court for the Northern District of California, Civil Action No. C-04-5115 CW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____     By:_____
                                    Name:_____